354364|

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

09 AUG 31  PM 3:04

CLERK

| | |
|---|---|
| ANDREW F. SEMENAK,<br>Plaintiff,<br><br>v.<br><br>CITY OF MISHAWAKA, INDIANA<br>WASTEWATER DEPARTMENT-<br>MISHAWAKA UTILITIES<br><br>Defendant. | CAUSE NO. 3:09CV 401 |

# COMPLAINT

1. The plaintiff Andrew F. Semenak ("Semenak") is an adult natural person resident of St. Joseph County, Indiana.

2. The defendant City of Mishawaka, Indiana Wastewater Department-Mishawaka Utilities ("City"), is an Indiana local governmental organization located in Mishawaka, Indiana. The City of Mishawaka's offices are located at 600 East Third Street, Mishawaka, Indiana. The City of Mishawaka's Wastewater Department's office is located at 1020 Lincolnway West, Mishawaka, Indiana. Mishawaka Utilities' office is located at 126 North Church Street, Mishawaka, Indiana.

3. Jurisdiction is based on 28 U.S.C. secs. 1331 and 1343(a).

4. Semenak was employed by the City in its Wastewater Department for approximately sixteen years.

5. In late February 2008, Semenak became ill at work. He sought medical care. On March 10, 2008, Semenak failed a medical stress test, indicating the need for further medical treatment. He returned to work at midnight on March 11, 2008.

6. On or about March 14, 2008, the City's representatives called Semenak into a meeting and told Semenak that he would have to resign or that the City would fire him.

7. The City did not afford Semenak representation of any type during the meeting.

8. On March 17, 2008, the City's representatives contacted Semenak and again insisted that he sign a document purporting to retire that day. Semenak did sign a document as requested, and the City effectively terminated his employment.

9. Semenak had heart surgery on or about March 28, 2008.

10. Semenak sought to appeal or file a grievance about his termination. Through contact with another employee, the City communicated to Semenak that, if he pursued the issue, Semenak could lose his benefits. The City's utilities manager also inquired through another employee about whether Semenak planned to drag his health issue out over a long period of time with a leave of absence.

11. In dealing with Semenak, the City did not follow its standard procedures for discipline, termination, and retirement.

12. In dealing with Semenak's medical issues, projected need for medical-related leave, and in deciding to terminate and terminating Semenak, the City did so based

upon improper and illegal reasons.

## COUNT I - VIOLATIONS OF AMERICANS WITH DISABILITIES ACT

13. Semenak restates and realleges paragraphs 1 through 12 of the Complaint as though fully set forth.

14. At all relevant times, Semenak was a qualified individual with a disability. He was capable of performing the functions of his job at the City's Wastewater Department with or without reasonable accommodation.

15. In the alternative, Semenak was regarded as or perceived as disabled by the City, or the City was aware of some past disability or record of disability of Semenak.

16. The City failed and refused to engage in an interactive process with Semenak to address and reasonably accommodate his medical conditions, including the perceived possible need for upcoming medical leave.

17. The City discriminated against and terminated Semenak or forced him to resign under duress for reasons that violated the Americans with Disabilities Act.

18. The City's actions may have violated the Family and Medical Leave Act, or constituted unlawful retaliation under the Family and Medical Leave Act.

19. Because of the City's violations, Semenak suffered and continues to suffer reasonably foreseeable damages, for which the City is liable.

## COUNT II - AGE DISCRIMINATION IN EMPLOYMENT ACT VIOLATION

20. Semenak restates and realleges paragraphs 1 through 19 of the Complaint as though fully set forth.

21. At all relevant times, Semenak was more than forty years old.

3

22. Because of Semenak's age, the City wanted to force Semenak to retire or otherwise terminate his employment, and wanted to block Semenak from taking a medical leave.

23. The City discriminated against and terminated Semenak or forced him to resign under duress for reasons that violated the Age Discrimination in Employment Act.

24. The City thereby terminated Semenak for reasons that violated the Age Discrimination in Employment Act.

25. Because of the City's violations, Semenak suffered and continues to suffer reasonably foreseeable damages, for which the City is liable.

## COUNT III - DUE PROCESS

26. Semenak restates and realleges paragraphs 1 through 25 of the Complaint as though fully set forth.

27. The City is a governmental entity that is required to provide due process of law to its employees.

28. The City dealt with Semenak's health, medical and leave issues and discriminated against and terminated Semenak in a manner that violated his rights to due process of law.

29. The City deprived Semenak of his employment without conducting a pre-deprivation hearing or otherwise affording Semenak the reasonable opportunity to present his case or to have representation.

30. Because of the City's violations, Semenak suffered and continues to suffer

4

reasonably foreseeable damages, for which the City is liable.

31. The City's proffered reason for terminating and otherwise discriminating against Semenak was pretextual and invalid, and it was unsupported by the facts and evidence that Semenak's position would have provided had he received a reasonable opportunity to address the employment issues that the City raised.

32. Semenak filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC subsequently issued Semenak a Notice of Right to Sue, a copy of which is attached as Exhibit 1 and which Semenak received within 90 days.

WHEREFORE, the plaintiff Andrew F. Semenak requests that the Court enter judgment in his favor against the defendant for relief and in an amount to be determined at trial, award Semenak his costs, disbursements and fees, including actual reasonable attorney fees, and grant Semenak such other and further relief as may be just and equitable.

## JURY DEMAND

The plaintiff requests trial by jury upon his claims.

Dated this 31st day of August, 2009.

_____
Charles R. Shedlak (IN Bar No. 20728-71)
Shedlak & Benchik Law Firm LLP
402 W. Washington St., Suite 200
South Bend, IN 46628
(574) 233-7701

5